IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ODESSA JACKSON-ONYEGBULA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | FILED: AUGUST 13, 2008         LI |
| A & J SECURITY, INC. and | ) | 08CV4602 |
| THE PARK OF RIVER OAKS | ) | JUDGE   DARRAH |
| CONDOMINIUM ASSOCIATION, | ) | MAGISTRATE   JUDGE MASON |
| | ) | |
| Defendants. | ) | |

## NATURE OF THE ACTION

NOW COMES the Plaintiff, ODESSA JACKSON-ONYEGBULA, by and through her attorneys, HARMAN & FEDICK, LTD., and complains of the defendants, A&J SECURITY, INC., and THE PARK OF RIVER OAKS CONDOMINIUM ASSOCIATION, as follow:

## JURISDICTION

1.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as amended, 42 U.S.C. § 2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      Plaintiff has complied with all administrative prerequisites by filing timely charges of sexual harassment and retaliation against both defendants with the Equal Employment Opportunity Commission ("EEOC"), attached hereto as Exhibits A and B and incorporated by reference.

3.      The EEOC issued a Notice of Right to Sue the same is attached hereto as Plaintiff's Exhibits C and D and incorporated by reference.

1

**VENUE**

4.      This action properly lies in this district pursuant to 28 U.S.C. Sec. 1391 because the employment practices alleged to be unlawful were committed within this judicial district.

**PARTIES**

5.      Plaintiff, ODESSA JACKSON-ONYEGBULA (hereinafter "Plaintiff") is a female resident of the State of Illinois and, at all times relevant herein was employed by the defendants.

6.      Defendant A & J SECURITY, INC. (hereinafter "Defendant A & J Security") is a staffing agency that contracts with businesses for purposes of providing them with on-site security guards.

7.      The main office of Defendant A & J Security is located at 1820 Ridge Street, Suite 103 in Homewood, Illinois.

8.      At all times relevant hereto, Defendant A & J Security was engaged in an industry affecting commerce and was an employer covered under Title VII.

9.      At all times relevant herein, the Defendant, THE PARK OF RIVER OAKS CONDOMINIUM ASSOCIATION (hereinafter "Defendant The Park of River Oaks"), was a condominium association that contracted with Defendant A & J Security to provide security guards for its location at 150 Park Avenue in Calumet City, State of Illinois 60471.

10.     At all times relevant herein, Defendant The Park of River Oaks was engaged in an industry affecting commerce and was an employer as defined by Title VII.

**FACTS**

11.     In October of 2005, Plaintiff began working for Defendant A&J Security as a security guard.

12.    On or about October of 2005, Plaintiff was required by Defendant A & J Security to work as a security guard at the facility owned and operated by Defendant The Park of River Oaks.

13.    That at all times herein, the Plaintiff was under the management and supervision of Defendant The Park of River Oaks.

14.    Throughout the time of her employment with both Defendants, Plaintiff performed her duties in a satisfactory manner.

15.    Beginning on or about March of 2006 and continuing through her assignment with Defendant The Park of River Oaks, Plaintiff was subjected to sexual harassment by an employee of  Defendant THE PARK OF RIVER OAKS with conduct including:

a)    Exposing his genitalia to Plaintiff and trying to touch her with it;

b)    Masturbating in front of the Plaintiff and requesting that she join in;

c)    Groping Plaintiff's body including her buttocks and breasts;

d)    Repeatedly requesting Plaintiff to perform sexual acts, including having a threesome;

e)    Telling the Plaintiff graphic descriptions of sexual fantasies involving the Plaintiff;

f)    Repeatedly using lewd sexual language towards Plaintiff, for example, telling the Plaintiff that he wanted to "suck her pussy" and that "her ass" drove him wild when she walked;

g)    Requesting that the Plaintiff spend time with him outside of work and stating that if she did she would have a promotion and a raise.

16.    That as early as March of 2006, plaintiff reported this sexual harassment to her supervisors and managers at Defendant A & J Security and to members of the board at Defendant The Park of River Oaks .

17.    That on or about June 10, 2006, Plaintiff reported the sexual harassment to Gloria Dooley (hereinafter "Dooley") the President of The Park of River Oaks.

18.    That on June 12, 2006, Plaintiff arrived at work and learned that a female co-worker, "LaTee", was terminated for "crying on Ms. Dooley's shoulders".

19.    Further, that on this same date, Plaintiff's co-workers overheard a conversation between Art Weldy (hereinafter "Weldy"), the President/Owner of Defendant A& J Security, and Dooley wherein Weldy told Dooley that he "took care of the problem girl that was trying to cry to her" by terminating "LaTee" and Dooley responded "Good".

20.    That Plaintiff knew that "LaTee" was terminated in error because Weldy mistakenly believed that "LaTee" had complained to Dooley about the sexual harassment when the Plaintiff was the woman who complained to Dooley.

21.    That on June 17, 2006, the Plaintiff was instructed to leave the location owned and operated by Defendant The Park of River Oaks.

22.    That on June 17, 2006 Plaintiff contacted Weldy to inquire as to why she was instructed to leave the premises of Defendant The Park of River Oaks and was informed by Weldy that she could not stay there because she was terminated from employment by both defendants.

23.    That on or about June 17, 2006, the Defendant The Park of River Oaks constructively terminated Plaintiff by requesting, instructing and/or otherwise requiring the Defendant A & J Security to stop sending her to its premises to perform work as a security guard.

24.    That on or about June 17, 2008, "LaTee" was reinstated as a security guard because Weldy and Dooley knew that she was not the woman who complained about sexual harassment.

25.    That at all times relevant to this complaint Dooley was involved in a romantic relationship with the employee of Defendant The Park at River Oaks who was sexually harassing the Plaintiff.

4

**COUNT I**
**SEXUAL HARRASMENT IN VIOLATION OF TITLE VII AGAINST**
**DEFENDANT A & J SECURITY**

26.    Plaintiff readopts and re-alleges paragraphs 1-25 and incorporates them as if fully set forth herein.

27.    That by the conduct alleged herein  Defendant  A & J Security engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C.§2000e-2(a)(1) by allowing sexual harassment to occur on its premises when it knew or should have known that it was occurring.

28.    That by its conduct alleged herein the Defendant, A & J Security failed to take prompt remedial action intended to eliminate sexually harassing conduct when it knew or should have known of this illegal behavior in violation of Section 703(a) and Section 707 of Title VII 42 U.S.C. Sec. 2000e-2(a) and -6).

29.    That the effect of the practices complained of herein deprived the Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

30.    The unlawful employment practices complained of herein were intentional.

31.    That the unlawful employment practices complained of in herein were done with malice or with reckless indifference to Plaintiff's federally protected rights to be free from sexual harassment in the workplace.

32.    As the result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, benefits, pain, suffering, emotional and psychological harm and humiliation.

33.    Plaintiff demands to exercise her right to a jury trial of this matter.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court enter judgment in her favor and against Defendant A & J Security on Count I and that it:

a)      Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

b)      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

c)      Order Defendant to make whole Plaintiff by providing appropriate back pay with pre-judgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

d)      Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, job search expenses;

e)      Order Defendant to make whole Plaintiff by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation;

f)      Order Defendant to pay Plaintiff punitive damages for its malicious and/or reckless conducted described, in amounts to be determined at trial;

g)      Order Defendant and its successors to provide training to its officers, managers and employees regarding sexual harassment in the workplace;

h)      Award Plaintiff's attorneys' fees and costs, including expert witness fees, incurred in prosecuting this claim, together with any interest on said fees;

i)      Award any and all other relief as the Court deems just in the premises.

## COUNT II
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII AGAINST DEFENDANT A & J SECURITY

34.     Plaintiff readopts and re-alleges paragraphs 1- 25 and incorporates them as if fully set forth herein.

35.     That by its conduct alleged herein Defendant A & J Security engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C.§2000e-2(a)(1) by allowing sexual harassment to occur on its premises when it knew or should have known that it was occurring.

36.     That by its conduct alleged herein Defendant A & J Security failed to take prompt remedial action intended to eliminate sexually harassing conduct when it knew or should have

known of this illegal behavior in violation of Section 703(a) and Section 707 of Title VII 42

U.S.C. Sec. 2000e-2(a) and -6).

37.    By its conduct as alleged herein, Defendant A & J Security subjected Plaintiff to

sexually hostile and offensive work environment in violation of Title VII.

38.    That the effect of the practices complained of herein deprived the Plaintiff of

equal employment opportunities and otherwise adversely affect her status as an employee

because of her sex.

39.    The unlawful employment practices complained of herein were intentional.

40.    The unlawful employment practices complained of in herein were done with

malice or with reckless indifference to the Plaintiff's federally protected rights to be free from

sexual harassment and a hostile work environment.

41.    As the result of Defendant's unlawful conduct, Plaintiff has suffered lost wages,

benefits, pain, suffering, emotional and psychological harm and humiliation.

42.    Plaintiff demands to exercise her right to a jury trial of this matter.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court enter judgment in

her favor and against Defendant A & J Security on Count II and that it:

a)    Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

b)    Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

c)    Order Defendant to make whole Plaintiff by providing appropriate back pay with pre-judgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

d)    Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, job search expenses;

e)      Order Defendant to make whole Plaintiff by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation;

f)      Order Defendant to pay Plaintiff punitive damages for its malicious and/or reckless conducted described, in amounts to be determined at trial;

g)      Order Defendant and its successors to provide training to its officers, managers and employees regarding sexual harassment in the workplace;

h)      Award Plaintiff's attorneys' fees and costs, including expert witness fees, incurred in prosecuting this claim, together with any interest on said fees;

i)      Award any and all other relief as the Court deems just in the premises.


## COUNT III
## RETALIATORY DISCHARGE IN VIOLATION OF TITLE VII AGAINST DEFENDANT A & J SECURITY

43.     Plaintiff readopts and re-alleges paragraphs 1-25 and incorporates them as if fully set forth herein.

44.     That  by its conduct alleged herein Defendant A& J Security engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C.§2000e-2(a)(1) by taking adverse employment action against Plaintiff in retaliation for her attempting to exercise her rights under Title VII and report sexual harassment, including but not limited to, terminating her from employment on June 17, 2006 all in continuing violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C § 2000e-2(a) and 3(a).

45.     That the effect of the practices complained of herein deprived the Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

46.     The unlawful employment practices complained of herein were intentional.

47.     The unlawful employment practices complained of in herein were done with malice or with reckless indifference to the Plaintiff's federally protected rights to be free from retaliation for exercising her rights under Title VII.

48.     As the result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, benefits, pain, suffering, emotional and psychological harm and humiliation.

49.     Plaintiff demands to exercise her right to a jury trial of this matter.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court enter judgment in her favor and against Defendant A & J Security on Count III and that it:

a)      Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

b)      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

c)      Order Defendant to make whole Plaintiff by providing appropriate back pay with pre-judgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

d)      Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, job search expenses;

e)      Order Defendant to make whole Plaintiff by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation;

f)      Order Defendant to pay Plaintiff punitive damages for its malicious and/or reckless conducted described, in amounts to be determined at trial;

g)      Order Defendant and its successors to provide training to its officers, managers and employees regarding sexual harassment in the workplace;

h)      Award Plaintiff's attorneys' fees and costs, including expert witness fees, incurred in prosecuting this claim, together with any interest on said fees;

i)      Award any and all other relief as the Court deems just in the premises.

## COUNT IV
## SEXUAL HARRASMENT IN VIOLATION OF TITLE VII AGAINST THE DEFENDANT THE PARK OF RIVER OAKS

50.     Plaintiff readopts and re-alleges paragraphs 1-25 and incorporates them as if fully

set forth herein.

51.     That by its conduct alleged herein, the Defendant The Park of River Oaks has

engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42

U.S.C.§2000e-2(a)(1) by allowing sexual harassment to occur on its premises when it knew or

should have known that it was occurring.

52.     That by its conduct alleged herein, Defendant The Park of River Oaks failed to

take prompt remedial action intended to eliminate sexually harassing conduct when it knew or

should have known of this illegal behavior in violation of Section 703(a) and Section 707 of Title

VII 42 U.S.C. Sec. 2000e-2(a) and -6).

53.     That the effect of the practices complained of herein deprived the Plaintiff of

equal employment opportunities and otherwise adversely affect her status as an employee

because of her sex.

54.     The unlawful employment practices complained of herein were intentional.

55.     The unlawful employment practices complained of in herein were done with

malice or with reckless indifference to the Plaintiff's federally protected rights to be free from

sexual harassment in the workplace.

56.     As the result of Defendant's unlawful conduct, Plaintiff has suffered lost wages,

benefits, pain, suffering, emotional and psychological harm and humiliation.

57.     Plaintiff demands to exercise her right to a jury trial of this matter.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court enter judgment in

her favor and against Defendant The Park of River Oaks on Count IV and that it:

a)     Grant a permanent injunction enjoining the Defendants, their officers, successors,
        assigns, and all persons in active concert or participation with it, from engaging in
        any employment practice which discriminates on the basis of sex;

b)      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

c)      Order Defendant to make whole Plaintiff by providing appropriate back pay with pre-judgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

d)      Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, job search expenses;

e)      Order Defendant to make whole Plaintiff by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation;

f)      Order Defendant to pay Plaintiff punitive damages for its malicious and/or reckless conducted described, in amounts to be determined at trial;

g)      Order Defendant and its successors to provide training to its officers, managers and employees regarding sexual harassment in the workplace;

h)      Award Plaintiff's attorneys' fees and costs, including expert witness fees, incurred in prosecuting this claim, together with any interest on said fees;

i)      Award any and all other relief as the Court deems just in the premises.

## COUNT V
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII AGAINST DEFENDANT THE PARK OF RIVER OAKS

58.      Plaintiff readopts and re-alleges paragraphs 1-25 and incorporates them as if fully set forth herein.

59.      That by its conduct alleged herein Defendant The Park of River Oaks has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C.§2000e-2(a)(1) by allowing sexual harassment to occur on its premises when it knew or should have known that it was occurring.

60.      That by its conduct alleged herein, Defendant The Park of River Oaks failed to take prompt remedial action intended to eliminate sexually harassing conduct when it knew or should have known of this illegal behavior in violation of Section 703(a) and Section 707 of Title VII 42 U.S.C. Sec. 2000e-2(a) and -6).

61.    By its conduct as alleged herein, Defendant The Park of River Oaks subjected Plaintiff to a sexually hostile and offensive work environment in violation of Title VII.

62.    That the effect of the practices complained of herein deprived the Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

63.    The unlawful employment practices complained of herein were intentional.

64.    The unlawful employment practices complained of in herein were done with malice or with reckless indifference to the federally protected rights of the Plaintiff's to be free of sexual harassment and hostile work environment.

657.    As the result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, benefits, pain, suffering, emotional and psychological harm and humiliation.

66.    Plaintiff demands to exercise her right to a jury trial of this matter.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court enter judgment in her favor and against Defendant The Park of River Oaks on Count V and that it:

a)    Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

b)    Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

c)    Order Defendant to make whole Plaintiff by providing appropriate back pay with pre-judgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

d)    Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, job search expenses;

e)    Order Defendant to make whole Plaintiff by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation;

f)  Order Defendant to pay Plaintiff punitive damages for its malicious and/or reckless conducted described, in amounts to be determined at trial;

g)  Order Defendant and its successors to provide training to its officers, managers and employees regarding sexual harassment in the workplace;

h)  Award Plaintiff's attorneys' fees and costs, including expert witness fees, incurred in prosecuting this claim, together with any interest on said fees;

i)  Award any and all other relief as the Court deems just in the premises.

## COUNT VI
### RETALIATORY DISCHARGE IN VIOLATION OF TITLE VII AGAINST DEFENDANT THE PARK OF RIVER OAKS

67.  Plaintiff readopts and re-alleges paragraphs 1-25 and incorporates them as if fully set forth herein.

68.  That by its conduct alleged herein,  Defendant The Park of River Oaks engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C.§2000e-2(a)(1) by taking adverse employment action against Plaintiff in retaliation for her attempting to exercise her rights under Title VII and report sexual harassment, including but not limited to, terminating her from employment on June 17, 2006 all in continuing violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C § 2000e-2(a) and 3(a).

69.  That the effect of the practices complained of herein deprived the Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

70.  The unlawful employment practices complained of herein were intentional.

71.  The unlawful employment practices complained of in herein were done with malice or with reckless indifference to the federally protected rights of the Plaintiff to be free from retaliation for exercising her rights under Title VII.

72.  As the result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, benefits, pain, suffering, emotional and psychological harm and humiliation.

73.  Plaintiff demands to exercise her right to a jury trial of this matter.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court enter judgment in her favor and against Defendant The Park of River Oaks on Count VI and that it:

a)    Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

b)    Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

c)    Order Defendant to make whole Plaintiff by providing appropriate back pay with pre-judgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

d)    Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, job search expenses;

e)    Order Defendant to make whole Plaintiff by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation;

f)    Order Defendant to pay Plaintiff punitive damages for its malicious and/or reckless conducted described, in amounts to be determined at trial;

g)    Order Defendant and its successors to provide training to its officers, managers and employees regarding sexual harassment in the workplace;

h)    Award Plaintiff's attorneys' fees and costs, including expert witness fees, incurred in prosecuting this claim, together with any interest on said fees;

i)    Award any and all other relief as the Court deems just in the premises.

/s/  LYNDSAY A. MARKLEY
HARMAN & FEDICK, LTD.
ARDC #6286794
Attorneys for Plaintiff
222 North LaSalle Street
Chicago, Illinois  60601
(312) 263-6452

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

LI
08CV4602
JUDGE DARRAH
MAGISTRATE JUDGE MASON

**CHARGE OF DISCRIMINATION**

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
- [ ] FEPA
- [X] EEOC

Agency(ies) Charge No(s): **440-2006-08427**

**Illinois Department Of Human Rights** and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Odessa R. Jackson** | **(708) 283-0971** | **06-08-1973** |

| Street Address | City, State and ZIP Code |
|---|---|
| **22719 South Millard, Richton Park, IL 60471** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **A & J SECURITY F/K/A LPDN** | **15 - 100** | **(708) 275-3916** |

| Street Address | City, State and ZIP Code |
|---|---|
| **103 Highland, Calumet City, IL 60409** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

- [ ] RACE
- [ ] COLOR
- [X] SEX
- [ ] RELIGION
- [ ] NATIONAL ORIGIN
- [X] RETALIATION
- [ ] AGE
- [ ] DISABILITY
- [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **06-17-2006**   Latest **06-17-2006**

- [ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began employment with Respondent in October 2005. My last position was Security Officer. On or about March 6, 2006 I complained to Respondent about sexual harassment from an employee at the location I was assigned to. No action was taken to stop the sexual harassment. On or about June 10, 2006 I complained to the board president at the location I was assigned to about sexual harassment by an employee at this location. I was removed from my assignment and terminated from employment by Respondent on June 17, 2006.

I believe I have been discriminated against because of my sex, female, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

JUL 27 2006

CHICAGO DISTRICT OFC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Jul 27, 2006 / *Odessa R Jackson*  Date / Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

LI 08CV4602
JUDGE  DARRAH
MAGISTRATE  JUDGE MASON

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
[ ] FEPA
[X] EEOC  **440-2006-08428**

**Illinois Department Of Human Rights**  and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Odessa R. Jackson** | **(708) 283-0971** | **06-08-1973** |

Street Address  City, State and ZIP Code
**22719 South Millard, Richton Park, IL 60471**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **THE PARK OF RIVER OAKS** | **15 - 100** | **(708) 868-6200** |

Street Address  City and State and ZIP Code
**150 Park Avenue, Calumet City, IL 60409**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address  City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest  **03-04-2006**  Latest  **06-17-2006**
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was assigned to Respondent by my employer beginning in October 2005. My position was Security Officer. Beginning on or about March 4, 2006 and continuing throughout my assignment with Respondent, I was sexually harassed by one of Respondent's employees. I reported this to my employer, but no action was taken. On or about June 10, 2006 I complained to Respondent's Board President about sexual harassment from one of Respondent's employees. My employer removed me from assignment with Respondent and terminated my employment on June 17, 2006.

I believe I have been discriminated against because of my sex, female, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

JUL 2 7 2006

CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

**Jul 27, 2006**
Date

*Odessa R. Jackson*
Charging Party Signature

EEOC Form 161 (2/08)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:**  Odessa R. Jackson (Onyegbula)<br>c/o Linsey A.Markley, Esq.<br>HARMON & FEDICK, Ltd.<br>222 North LaSalle Street. Suite 430<br>Chicago, IL  60601 | **From:**  **Cleveland Field Office**<br>**AJCFB - Suite 3001**<br>**1240 E. 9th St**<br>**Cleveland, OH 44199** |

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2006-08427** | **Legal Duty Officer** | **(216) 522-7445** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒  Other *(briefly state)*        **Notice of right to sue requested.**

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Dai Cabot*        MAY 2 1 2008

| | |
|---|---|
| Enclosures(s) | **Daniel Cabot,**<br>**Director** |
| | *(Date Mailed)* |

cc:   **Aaron Weldy**
**Owner**
**A & J SECURITY F/K/A LPDN**
**103 Highland Street**
**Calumet City, IL 60409**

OFFICE 7/27/06
CONT.    2pm

# CHARGE QUESTIONNAIRE

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

You **must** completely fill out this form and sign the last page.

The Commission will then determine if it has the right under the law to investigate your employment claim.

Whether you complete this form in our office or mail it to the EEOC, it must be received by the Commission within 300 days of the date of the alleged discrimination.

(Please Print)

NAME *Odessa Renee Jackson*    DATE *7/27/06*
(First)   (Middle Name or Initial)   (Last)

ADDRESS *23719 S. Millard*    CITY *Richton Park*

STATE *Illinois*    ZIP *60471*    COUNTY *Cook*

HOME TELEPHONE NUMBER *708 883-0971*    DAYTIME TELEPHONE NUMBER *708 591-365*

SOCIAL SECURITY NUMBER *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*    SEX *Female*

DATE OF BIRTH *June 05, 1973*    CURRENT AGE *33*

Please provide the name of an individual at a different address who is always able to reach you.

NAME *Beverly Jackson*    ADDRESS *3420 W 136th St*

CITY *Robbins*    STATE *Ill*    ZIP *60472*    TELEPHONE NUMBER *708 591-365*

Type of organization that you believe discriminated against you.

✓ Private Company _____ State Government _____ County Government _____ City Government

Educational Institution: _____ Public _____ Private _____ Employment Agency _____ Union

What is the nature of organization's business (what does the company do *Condominium Assoc and Security Company*

Provide the **full** name of the organization that you believe discriminated against you. Provide the address and telephone number of the location where the alleged discrimination occurred.

Name of organization *Park Condo Assoc, and EPS*    Address *150 Park Ave*

City *Calumet City*    State *Ill*    Zip Code *60419*

Telephone Number ( ) *708 275-3916, and 708*    County *Cook*
*865-8800*

**Total** number of employees *Atleast 32*

If you are, or have been, employed by the organization provide the following information.

Job Title *Security Officer*    Dates of Employment: From *10/28/05* to *06/19/06*

Present or Last Salary *9700*    Department *Security*    Name of Supervisor *Aaron Weldy*

In the spaces below, please list each issue and basis (Race, Color, Sex, Religion, National Origin, Age, Disability or Equal Pay).

Examples of some common **issues** (action taken): Discharge; Layoff; Harassment; Transfer; Unequal Pay; Demotion; Job Elimination; Failure to Recall; Failure to Hire; Failure to Accommodate (Disability and Religion Only); Unequal Terms and Conditions; Failure to Promote.

Fill in a separate section for each issue and basis.    **ISSUE AND BASIS**

Issue/Action taken *Harassment / Discharged*    Date of Action *June 19, 2006*

Basis/type of discrimination *Sexual / unfair terms and conditions*

Reason given for action *1st reason because I spoke to mess Dirty, and because*
*I'm a felon,*

Continuation from page 1

**ISSUE AND BASIS**

Issue/Action taken _Discharged_ _____ Date of Action _June 19, 06_

Basis/type of discrimination:  Race   Color   Sex   Religion   National Origin   Age   Disability   Equal Pay  (Other)

Circle each appropriate basis(es)

Reason given for action _1st reason is because I spoke to Mrs Derby and because I'm_
_a felon_

Explain why you feel the action taken against you was discriminatory _Also I reported that I was being_
_Sexual Harassed and seven days later I was fired_
_Also I'm on a home detention program and when we discuss are trial also_
_a felon_

If you believe you were discriminated against because of a disability, state your disability.

_____

_____

If you believe the action taken against you occurred because you opposed unlawful discrimination, filed a discrimination charge, participated in an investigation of one of the laws enforced by EEOC or associated with someone protected by one of the laws enforced by EEOC, tell us what you did. Include dates, charge numbers and/or the name and title of the person to whom you complained of discrimination.

_____

_____

Do you have documents to support you claim of discrimination?        Yes _✓_     No ____

Have you filed a charge regarding this situation with the Illinois Department of Human Rights (IDHR)?

Yes ____   No _✓_       If yes, provide charge number_____

Have you filed a charge with EEOC before?

Yes ____   No _✓_       If yes, provide charge number_____

If you are represented by an attorney, please provide name, address and telephone number. _Suite 2300_
_Ms. Erin P. Buck    33 North Dearborn Chgo Il_
_(312) 425-9100_

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE _Vanessa R. Jackson_        DATE _7/27/06_

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:

1. FORM NUMBER/TITLE/DATE. EEOC Form 283. Charge Questionnaire (Rev 07/05).

2. AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C.§ 626. 42 U.S.C. 12117 (a)

3. PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information in an acceptable form consistent with statutory requirements to enable the Commission to act on matters within its jurisdiction.  When this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will, consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(b), consider it be a sufficient charge of discrimination under the relevant statutes(s).

4. ROUTINE USES. Information provided on this form will be used by Commission employees to determine the existence of facts relevant to a decision as to whether the Commission has jurisdiction over allegations of employment discrimination and to provide such charge filing counseling as appropriate. Information provided on this form may be disclosed to other State/local and federal agencies as may be appropriate or necessary to carrying out the Commission's functions.  Information may also be disclosed to charging parties in consideration of or in connection with litigation.

5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION.  The providing of information is voluntary but the failure to do so may hamper the Commission's investigation of a charge of discrimination.  It is not necessary to use this form to provide the requested information.

S:\LIM\Form283.english.dl1.wpd        (Rev 07/05)



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Chicago District Office

500 West Madison St., Suite 2800
Chicago, IL 60661
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

July 28, 2006

Odessa R. Jackson
22719 South Millard
Richton Park, IL 60471

      Re:    Odessa R. Jackson v. A & J Security
              EEOC Number: 440-2006-08427

Dear Ms. Jackson:

This is to inform you that I have been assigned as the Investigator for your charge. Presently, I am waiting to receive evidence from the Respondent that you charged with discrimination. When all of this information has been received and analyzed, I will be able to determine what additional steps are appropriate. At any point in this process, I will welcome whatever additional input you may have regarding your charge.

The large inventory of cases currently under investigation in our office may affect the length of time needed to process your charge. You should expect that it will generally require at least six months. We understand that you may be very concerned about your charge when you have not been in contact with us for several weeks or months. Please be assured that the Commission is committed to investigating your charge as expeditiously as possible. We regret that our staff size does not permit us to provide you with more frequent interim contacts without slowing the progress of our investigations. We ask for your understanding and cooperation in this regard.

If it is necessary for you to contact me regarding the investigation of your charge, you may write to me at the above address. Also, if you wish to submit additional information, or report additional complaints of discrimination to us, including reprisal by Respondent against you for filing your present charge, you may do so by writing, or faxing (see fax number above), or by phoning me; I can be reached at (312) 353-8658, between the hours of 8:00 a.m. and 5:00 p.m., Monday through Friday. You may also email me at janice.streeter@eeoc.gov.

Please be advised that for security reasons, all visitors to our office <u>must</u> have an appointment, and a photo ID.

If you need to meet with me for any reason, please contact me for an appointment at (312) 353-8658

                    Sincerely,

                    *Janice Streeter*

                    Janice Streeter
                    Investigator

tb

DEPARTMENT OF EMPLOYMENT SECURITY
1010 DIXIE HWY
CHICAGO HEIGHTS, IL 60411                                    --

                            DATE: 08-08-2006 SSN: 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

ODESSA R JACKSON
22719 S MILLARD AV
RICHTON PARK, IL 60471              EOS


The following determination has been made in connection with your claim for unemployment
insurance benefits:

The claimant was discharged from ELITE OUTSOURCCE SYSTEMS because SHE AS BEING
SEXUALLY HARASSED BY THE MANAGER'S BOYFRIEND

The term misconduct means the deliberate and willful violation of a reasonable
rule or policy of the employer if the violation has harmed the employer or other
employees or has been repeated by the individual despite a warning or other explicit
instruction from the employer.  In this case, the claimant's action which resulted
in her discharge was not a violation of a reasonable rule or policy.

**Therefore, this Determination finds the claimant eligible for benefits, with
respect to this issue only, for each week during the period from 06-25-2006 through
07-08-2006 and she will be determined eligible for each week thereafter as long
as she meets the eligibility requirements of the Illinois Unemployment Insurance
Act.**

Benefits payable by check are being ordered for each week of unemployment for
which you are eligible.  If you do not receive payment within three weeks from
the date of this notice, please notify the office.

SEE THE REVERSE SIDE FOR INFORMATION REGARDING APPEAL RIGHTS

VEASE AL REVERSO PARA UNA TRADUCCION EN ESPANOL DE SUS DERECHOS A APELAR

Tonnie Flowers - 114
ES Service Representative
Phone 708-709-3000 Ext.  212    Fax 708-709-3055



RECEIVED EEOC
AUG 2 3 2006
CHICAGO DISTRICT OFFICE

FORM NBR: Bis-275.2        ISSUE: Section 602A        (C01) DECISION: ALLOW
MIS REF NBR: 01938

EEOC Form 161 (2/08)

U.S. **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: **Odessa R. Jackson (Onyegbula)** | LI | From: | **Cleveland Field Office** |
|---|---|---|---|
| c/o **Lindsey A. Markley, Esq.** | 08CV4602 | | **AJCFB - Suite 3001** |
| **HARMON & FEDICK, Ltd.** | | | **1240 E. 9th St** |
| **222 North LaSalle Street, Suite 430** | JUDGE   DARRAH | | **Cleveland, OH 44199** |
| **Chicago, IL  60601** | MAGISTRATE   JUDGE MASON | | |

|  | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| **440-2006-08428** | **Legal Duty Officer** | **(216) 522-7445** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [ ] | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [X] | Other *(briefly state)*      **Notice of right to sue requested.** |

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only *notice of dismissal and of your right to sue that we will send you.*  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Daniel Cabot*

MAY 21 2008

Enclosures(s)

**Daniel Cabot,**
**Director**

*(Date Mailed)*

cc:    **THE PARK OF RIVER OAKS**
    c/o **Robert P. Nesbit**
    **Law Offices of Kovitz Shifrin Nesbit**
    **1220 Iroquois Avenue, Suite 100**
    **Naperville, IL  60563**

Enclosure with EEOC
Form 161 (2/08)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**   --   **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*